## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDWARD J. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:05CV81 |
| vs. | ) | |
| | ) | ORDER |
| NEBRASKA WAREHOUSES | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's MOTION TO COMPEL (#34). Defense counsel has complied with NECivR 7.1(i). Plaintiff did respond to the motion.

Following a scheduling conference and hearing on defendant's prior motion to compel, I entered an order (#28) on January 17, 2006 granting the motion and giving the plaintiff until January 31, 2006 to respond to defendant's discovery requests. The order specifically provided that the responses "must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34." Based on plaintiff's attorney's representation in open court that the plaintiff would respond to all of defendant's discovery requests, I declined to enter an award of fees and costs at that time.

The pending Motion (#34) and Evidence Index (#35) show that the plaintiff has provided unsigned and incomplete responses which do not comply with the requirements of the Federal Rules of Civil Procedure.

I find that the plaintiff has not complied with the January 17, 2006 order and will assess costs and fees against the plaintiff pursuant to Fed. R. Civ. P. 37 as to the pending Motion to Compel. Rule 37(a)(4)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions shall be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing party. A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. *Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Further, "[A] party may not avoid sanctions merely by producing the documents after a motion has been filed." *Illinois Tool Works, Inc. v. Metro Mark Prods., Ltd.*, 43 F. Supp. 2d 951, 960 (N.D. Ill. 1999). Plaintiff did not respond to the motion to compel. Absent any

explanation for his non-compliance, I find that monetary sanctions should be assessed against the plaintiff at this time.

Plaintiff is cautioned that failure to comply with this order and failure to respond to defendant's discovery requests may have very serious future consequences.  Evasive or incomplete disclosures, answers, or responses may be treated as a failure to disclose, answer, or respond.  Rule 37 of the Federal Rules of Civil Procedure provides an array of additional sanctions a court may impose for a party's failure to obey a court's discovery order.  These sanctions include payment of costs and attorney's fees and/or dismissal of the action.

**IT IS ORDERED:**

1.    Defendant's MOTION TO COMPEL (#34) is granted.  Plaintiff is given until the close of business on **March 24, 2006** to provide complete responses to all of defendant's interrogatories and requests for production of documents.  The responses must be signed and must, in all respects, comply with the requirements of the Federal Rules of Civil Procedure.

2.    Defendant is entitled to an award of attorney's fees and costs pursuant to Fed. R. Civ. P. 37.  The parties shall be heard on the matter of fees and costs as follows:

a.    Defendant is given until and including **March 30, 2006** to file a "Motion for Attorney's Fees and Costs," together with an affidavit attesting to the time and expenses incurred in preparing the instant motion to compel

b.    Plaintiff is given until and including April 17, 2006 to serve and file a response, if any, to defendant's motion for attorney's fees and costs.

**DATED March 13, 2006.**

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge

-2-